UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM H. CANTEY,<br><br>    Plaintiff,<br><br>-vs-<br><br>MSE BRANDED FOODS and ANDY NICHOLS,<br><br>    Defendant. | Civil Action No.: 4:09-cv-45-TLW-TER<br><br>**REPORT AND RECOMMENDATION** |

  This is an employment discrimination action in which Plaintiff asserts claims of discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Presently before the Court is Plaintiff's Motion to Dismiss (Document # 23). Plaintiff, who is proceeding pro se, filed a one page document captioned, "Dismissal," which simply stated, "I would like to dismiss my case." Defendants filed a Response (Document # 24) asking that the dismissal be with prejudice.

  Plaintiff does not specify whether he wishes to dismiss the case with or without prejudice. Presumably, however, his seeks dismissal pursuant to Rule 41(a)(2), of the Federal Rules of Civil Procedure, which provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Defendants argue that in light of ongoing prejudice to Defendants and the lack of merit of Plaintiff's claims, a dismissal with prejudice is warranted in this claim. Defendants also note that the statutes of limitation have run on Plaintiff's claims. They argue, although dismissal of Plaintiff's claims without prejudice would be a de facto dismissal with

prejudice as a result of the statutes of limitation bar, maintaining an opening to allow Plaintiff to file a second action by dismissing the present one without prejudice would place an undue burden upon Defendants to defend any second action.

Plaintiff attached to his Complaint the Dismissal and Notice of Rights he received from the South Carolina Human Affairs Commission (SCHAC) on July 3, 2008, and from the Equal Employment Opportunity Commission (EEOC) on October 9, 2008. The Notice from the SCHAC informed Plaintiff that he had 120 days from receipt of the notice to file an court action. The Notice from the EEOC informed Plaintiff that he had 90 days from receipt of the notice to file suit. The statutes of limitations have clearly passed on Plaintiff's claims.

The Fourth Circuit has recognized that Rule 42(a), Fed.R.Civ.P., "implicitly…grants a district court power to dismiss with prejudice." Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986). Furthermore, when deliberating on a motion for voluntary dismissal, "the district court must focus primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Because the statutes of limitation have passed on Plaintiff's claims, it would be in the interest of Defendants to dismiss this action with prejudice to avoid any future attempts at litigation.

Accordingly, it is recommended that Plaintiff's Motion to Dismiss (Document # 23) be granted and the case be dismissed with prejudice.

                                                              s/Thomas E. Rogers, III
                                                              Thomas E. Rogers, III
                                                              United States Magistrate Judge

January 12, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the attached page.**